Babak Semnar (SBN 224890)
SEMNAR LAW FIRM, INC.
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Jared M. Hartman, Esq. (SBN 254860)
HARTMAN LAW OFFICE, INC.
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (951) 234-0881; Fax (888) 819-8230

Attorneys for Plaintiff
JALEEN CLARK

# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALEEN CLARK, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLIED INTERSTATE, a limited liability company, and Does 1-10,<br><br>    Defendants. | Case No.: **'14CV1661 JAH RBB**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,**<br>2. **CALIFORNIA ROSENTHAL ACT,**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Complainant, JALEEN CLARK, an Individual, by and through her attorneys of record, hereby complains and alleges as follows.

## INTRODUCTION

1.  JALEEN CLARK, (Plaintiff), through her attorneys, brings this action to

challenge the actions of Defendant ALLIED INTERSTATE LLC. (hereinafter "ALLIED"), in their abusive and outrageous conduct in connection with debt collection activity.

2. This action arises out of Defendants' violations of the Federal Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) (hereinafter "Federal FDCPA"); the State of California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act"); and State of California tort for Intentional Infliction of Emotional Distress.

5. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the Federal FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

>   debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

>   (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
>   (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
>   (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

9. This action arises out of Defendants' violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; as well as the State of California's Rosenthal Act and the State of

3
**Complaint for Damages**

1  California tort for Intentional Infliction of Emotional Distress, over which the U.S.
2  District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3   10.   Defendant ALLIED is a Minnesota company with its primary place of
4  business in the City of New York, State of New York, but conducts business within the
5  State of California and maintains an agent for service of process with C T Corporation
6  System at 818 West Seventh Street 2nd Floor in the City of Los Angeles, so therefore
7  personal jurisdiction is established.

8   11.   Because all tortious conduct occurred while Plaintiff resided in the County
9  of San Diego and witnesses reside within the County of San Diego, venue properly lies
10 in this Court.

## PARTIES & DEFINITIONS

12  12.   Plaintiff is a natural person whose permanent residence is in the County of
13 San Diego, State of California.

14  13.   Defendant ALLIED is a Minnesota company but physically located in the
15 City of New York, State of New York, but upon information and belief regularly does
16 business in the State of California and maintains an agent for service of process in the
17 City of Los Angeles at CT Corporation, 818 W 7th Street, Suite # 200.

18  14.   Plaintiff, as a natural person allegedly obligated to pay a consumer debt to
19 Defendants alleged to have been due and owing, is therefore both a "consumer" as that
20 term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor"
21 as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

15. Defendants alleged that Plaintiff owed them money that they were allegedly collecting for the original creditor "Capital One", which indebtedness was incurred by Plaintiff by way of credit card for living expenses, and Plaintiff is therefore informed and believes that the money alleged to have been owed originated from monetary credit that was extended to Plaintiff primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

16. Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

18. Plaintiff is informed and believes that Defendants utilize the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and

thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

19. Plaintiff became indebted to Capital One sometime in the year 1999, which indebtedness arose out of a line of credit that Plaintiff utilized for living expenses, and which had an account number that ended in 2479.

20. Sometime in the year 2009, the original creditor Capital One sold the outstanding debt to a third party debt-buyer "North Star Capital Acquisition, LLC", who retained the law firm of Nelson & Kennard to attempt to collect the debt from Plaintiff.

21. Collection letters from Nelson & Kennard from the year 2009 specifically show that they were attempting to collect on the Capital One account number ending in 2479.

22. In the year 2010, Plaintiff was sued by the law firm Nelson & Kennard, who filed the suit on behalf of the third party debt-buyer "North Star Capital Acquisition, LLC".

23. That lawsuit resulted in a defense verdict in favor of Ms. Clark, and therefore collateral estoppel and res judicata have forever barred any possibility for a judgment to be issued against Ms. Clark on this debt.

24. On or about June 25, 2014, Plaintiff received a phone call from someone

1 who identified himself as "Grant Wilson" claiming to be a collection agent of
2 Defendant ALLIED.

3     25.     Mr. Wilson informed Plaintiff that he was contacting her to collecting
4 upon the old debt originally owed to Capital One, and he specifically told her the
5 account number ended in 2479.

6     26.     Plaintiff was confused as to why she was being contacted on this old debt,
7 given that a defense verdict was granted in her favor on the very same debt.

8     27.     Plaintiff informed Mr. Wilson that she thought this debt was forever closed
9 because of her defense verdict.

10     28.     Mr. Wilson grew angry and told Plaintiff that it doesn't matter, she still
11 owes the debt.

12     29.     When Plaintiff asked him to explain, Mr. Wilson asked her rhetorically
13 "What are you an idiot?!"

14     30.     When Plaintiff began to get emotionally upset and informed Mr. Wilson
15 that she did not believe she owed the debt, he again used abusive language by telling
16 her she "must be crazy" for thinking she does not owe the debt.

17     31.     Mr. Wilson also told Plaintiff that she is a derelict for not paying her debts.

18     32.     When Plaintiff asked if she could call Mr. Wilson back, the number he
19 gave her was 866-473-0956.

20     33.     A phone call placed to telephone number 866-473-0956 results in a pre-
21 recorded message identifying the phone number as belonging to Defendant ALLIED.

34. As a result of Defendant ALLIED's abusive conduct towards Plaintiff, Plaintiff suffered mental anguish such that she promptly cried over being called an "idiot", "crazy", and a "derelict", and she felt emotions of embarrassment, humiliation, ridicule, and low self-worth.

35. At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

36. At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692e:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38. At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of

any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal Act, requiring all debt collectors to be responsible for and liable for all requirements contained with the Federal FDCPA, exceptions of which are not applicable:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

39. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to pursuant to California Civil Code § 1788.11(a) of the Rosenthal Act:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (a)   Using obscene or profane language;

### FIRST CAUSE OF ACTION
### FEDERAL FDCPA
### 15 U.S.C. §§ 1692-1692p

40. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

41. By calling Plaintiff such abusive names as "idiot", "crazy", and "derelict" with the intention of harassing Plaintiff to force her into paying the outstanding debt, Defendants therefore violated 15 U.S.C. §§ 1692d, 1692e, & 1692f of the Federal

FDCPA.

42. By falsely telling Plaintiff that she still owes the debt even though she was granted a defense verdict on the very same debt, Defendant engaged in unfair conduct and used false, misleading misrepresentations in violation of 15 U.S.C. §§ 1692e, & 1692f of the Federal FDCPA.

## SECOND CAUSE OF ACTION
## ROSENTHAL ACT
## CAL. CIV. CODE §§ 1788-1788.32

43. Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

44. By violating 15 U.S.C. §§ 1692d, 1692e, & 1692f of the Federal FDCPA, as identified the First Cause of Action above, Defendants also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17.

45. By using profane and abusive language such as calling Plaintiff an "idiot", "crazy", and "derelict", Defendant violated Calif. Civil Code § 1788.11(a) of the Rosenthal Act.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

47. "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention

of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050—1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]).

48. It was extreme and outrageous for Defendant to call Plaintiff an "idiot", "crazy", and a "derelict" for simply trying to understand why she was being contacted on a debt for which she was granted a defense verdict, because no civilized community would tolerate such conduct.

49. As a result of Defendant's abusive conduct towards Plaintiff, Plaintiff suffered severe emotional distress in that she promptly cried over being called an "idiot", "crazy", and a "derelict", and she felt emotions of embarrassment, humiliation, ridicule, and low self-worth.

50. By engaging in such conduct, Defendant intended to shame Plaintiff and force her into paying the debt.

51. Plaintiff is further informed and believes that the aforesaid conduct was malicious and oppressive, as those terms are defined by California Civil Code sections 3294(c)(1) and 3294(c)(2), entitling Plaintiff to punitive damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all Defendants, and Plaintiff be awarded damages from all Defendants as follows:

**As to the First Cause of Action:**

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), as will be proven at trial;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. An award of costs of litigation and reasonable attorney's pursuant to 15 U.S.C. § 1692k(a)(3).

**As To the Second Cause of Action:**

1. An award of actual damages pursuant to California Civil Code § 1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;

2. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b), which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;

3. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).

**As to the Third Cause of Action (IIED):**

1. For compensatory damages, as will be proven at trial, pursuant to California Civil Code § 3333;

2. Attorney's fees pursuant to Calif. Code Civil Procedure § 1021.5;

3. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct with the intent to harm Plaintiff personally, pursuant to Calif. Civ. Code § 3294(a), (c)(1);

4. For other and further relief as the court may deem proper.

DATED: 7/15/2014                    HARTMAN LAW OFFICE, INC.

　
　　　　　　　　　　　　　　　　　　　/s/ Jared M. Hartman
　　　　　　　　　　　　　　　　　　　JARED M. HARTMAN, Esq.
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 7/15/2014                             HARTMAN LAW OFFICE, INC.

/s/ Jared M. Hartman
JARED M. HARTMAN, Esq.
Attorney for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jaleen Clark

**DEFENDANTS**
Allied Interstate, LLC

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: State of Minnesota
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hartman Law Office, Inc.; 400 S. Melrose, Ste 209; Vista 92081; 951-234-0881
Semnar Law Firm, Inc.; 400 S. Melrose, Ste 209; Vista 92081

Attorneys *(If Known)*

'14CV1661 JAH RBB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 et seq (Federal Fair Debt Collection Practices Act)
Brief description of cause:
Unfair and abusive debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 25,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 07/15/2014
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jared M. Hartman

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.